# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEREANCE D., through his Guardian and next friend, WANDA D., and WANDA D. in her own right, Plaintiffs, | : : : : : | CIVIL ACTION |
| v. | : : | NO. 07-4166 |
| SCHOOL DISTRICT OF PHILADELPHIA, Defendant. | : : : | |

## Memorandum and Order

YOHN, J.                                                                                                        August ____, 2008

Plaintiffs Tereance D. and Wanda D. bring this five-count action against the School District of Philadelphia (the "District") for failing to provide Tereance with a free appropriate public education ("FAPE") and for discriminating against Tereance. The court presently considers plaintiffs' motion for summary judgment as to Count II, which seeks compensatory education. For the reasons explained below, the court will grant plaintiffs' motion for summary judgment and reverse the Commonwealth of Pennsylvania Special Education Due Process Appeals Review Panel's ("panel") decision to the extent that the decision denies plaintiffs' claims for compensatory damages based on the limitations period contained in the Individuals with Disabilities Education Improvement Act ("IDEIA"), *see* Pub. L. No. 108-446, 118 Stat. 2715 (2004) (amending the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §

1

1400 *et seq.*).[1]  The court will also deny defendant's motion for summary judgment as to Count II.

I.      **Factual and Procedural History**[2]

Tereance has autistic spectrum disorders and related disabilities and was eligible for special education and related services.  (Pls.' App'x to Mot. For Summ. J. Ex. E ("Panel Decision") at 1.)  The District denied Tereance a FAPE "from the time he enrolled in kindergarten [in September 2000] until September 2005, when he was placed in an autistic support program."  (*Id.* at 4.)[3]

On December 13, 2006, Wanda filed a due process complaint on behalf of Tereance pursuant to the IDEA and section 504 of the Rehabilitation Act of 1973 ("section 504"), 29 U.S.C. § 794a.  (Pls' App'x Mot. For Summ. J. Ex. A at 1, 12.)  The due process complaint sought compensatory education for the school years of 2001-2002, 2002-2003, 2003-2004, and 2004-2005 and compensatory extended-school-year services ("ESY") for the summers of 2002,

---

[1] The court uses the term "limitations period" to refer to the two-year timeline to file a state-level due process complaint, as codified in 20 U.S.C. § 1415(f)(3)(C).

[2] This abbreviated history summarizes the only facts relevant to the court's disposition of the motions for summary judgment as to Count II.  The court recited a more detailed factual history, based on the allegations of the Complaint, in *Tereance D. ex rel. Wanda D. v. School District of Philadelphia*, 548 F. Supp. 2d 162 (E.D. Pa. 2008), although it has not considered allegations of the Complaint in the current memorandum and opinion.

[3] The panel held that "[t]he evidence in this case is overwhelming and leaves no question that [Tereance] was denied FAPE."  (*Id.*)  It found:
> Among its many failures, the District failed to correctly identify [Tereance] as autistic, offered vague and incomplete IEPs, placed S in inappropriate setting (e.g., learning and emotional support where S was targeted by his classmates), failed to provide [Tereance] with a teacher who was denied certification in Pennsylvania [sic], and pervasively failed to fulfill its responsibilities.

(*Id.* at 4 n.16.)

2003, 2004, 2005, and 2006. (*Id.* at 13.)  A hearing officer reviewed Tereance's and Wanda's case over six sessions ending on May 8, 2007 before issuing an order on June 8, 2007 granting compensatory education for the period from December 13, 2004 to May 9, 2005 and compensatory ESY for the summers of 2002, 2003, 2004, and 2006.  (Pls' App'x to Mot. For Summ. J. Ex. D ("Hearing Officer's Decision") at 23.)  The hearing officer denied compensatory education for the school years of 2001-2002, 2002-2003, and 2003-2004 and for the period from September through December 12, 2004 on the basis that the compensatory education claims for those periods were barred by the IDEIA's two-year limitations period.  (*Id.* at 12-15.)[4]  That issue controls the pending motions.  On the merits, the hearing officer denied compensatory ESY for the summer of 2005 because Wanda, represented by counsel, failed to raise Tereance's entitlement to ESY for that summer.  (*Id.* at 20.)

Wanda, but not the District, filed exceptions to the hearing officer's order.  Wanda argued to the panel on appeal that, inter alia, the hearing officer erred by applying the IDEIA's limitations period retroactively because shortening the applicable limitations period resulted in manifest injustice.  (*Id.* at 3 (citing *P.S. v. Princeton Reg'l Schs. Bd. of Educ.*, No. 05-4769, 2006 U.S. Dist. LEXIS 252 (D.N.J. Jan. 5, 2006).)  The panel rejected her argument, reasoning that prior to the July 1, 2005 effective date of the IDEIA's limitations period, the "statute of

---

[4] The hearing officer rejected Wanda's claim that exceptions to the IDEIA's timelines applied for school year compensatory education but accepted her claim that those exceptions applied to compensatory ESY.  Wanda argued that exceptions under 20 U.S.C. § 1415(f)(3)(D)(i) applied because the District withheld information about the availability of autistic support classrooms and because the District did not clearly inform her of Tereance's classification.  The hearing officer concluded that the District did not withhold information on the availability of school year services, but did withhold information about ESY.  Thus, the two-year limitations period applied to school year compensatory education but not compensatory ESY.  (*Id.* at 14-15.)

limitations for awarding compensatory education in the Commonwealth of Pennsylvania was governed by [*Montour School District v. S.T.*, 802 A.2d 29 (Pa. Commw. Ct. 2002)]," which held that "parents must request a due process hearing within one year of the date upon which the parents accept an [individualized education program ("IEP")]"; thus, "the IDEIA actually increased the timeline for seeking compensatory education in the Commonwealth." (Panel Decision at 3.) As a result, applying the longer limitations period did not result in manifest injustice. The panel therefore affirmed the hearing officer's decision, concluding that "claims decided by due process hearings under the IDEIA cannot be more than two years old at the time the complaint is filed." (*Id.* at 3-4.)[5]

On October 15, 2007, Tereance and Wanda filed their five-count complaint against the District. Count II is relevant to the present memorandum and order. In Count II, plaintiffs grieve the panel's determination that the limitations period applied to preclude compensatory education for FAPE violations prior to December 13, 2004.

## II. Discussion

### A. Standard of Review

A motion for summary judgment will be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party thus bears the initial burden of showing that there is no genuine issue of material fact and that it is entitled to relief. *Celotex*

---

[5] The panel also affirmed the hearing officer's decision that the exceptions to the IDEIA's two-year limitations period did not apply to Tereance's school-year compensatory education claims. (*Id.* at 4.)

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, the nonmoving party avoids summary judgment by presenting "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n.10 (1986) (quoting Fed. R. Civ. P. 56(e)). Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

When a court evaluates a motion for summary judgment, "[t]he evidence of the non-movant is to be believed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, "all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* "Summary judgment may not be granted . . . if there is a disagreement over what inferences can be reasonably drawn from the facts even if the facts are undisputed." *Ideal Dairy Farms, Inc. v. John Labatt, Ltd.*, 90 F.3d 737, 744 (3d Cir. 1996) (quotation marks and citations omitted). Where, as here, the parties have filed cross-motions for summary judgment, "Rule 56(c) does not mean that the case will necessarily be resolved at the summary judgment stage. . . . Each party must still establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Atl. Used Auto Parts v. City of Phila.*, 957 F. Supp. 622, 626 (E.D. Pa. 1997).

In a civil action arising from the administrative adjudication of an IDEA dispute, the district court conducts plenary review of legal conclusions and a "modified de novo review" of factual findings to provide them "due weight." *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270-71 (3d Cir. 2003). "A federal district court reviewing the administrative fact finder in the first instance is . . . required to defer to the ALJ's factual findings

5

unless it can point to contrary nontestimonial extrinsic evidence on the record." *Id.* at 271. "[W]here the District Court does not hear additional evidence it must find support for any factual conclusions contrary to the ALJ's in the record before it." *Id.* If the court "does not accept the ALJ's findings of fact," it must explain why "to avoid the impression that it is substituting its own notions of sound educational policy for those of the agency it reviews." *Id.* (internal citation omitted).

### B.     Count II:  Plaintiffs' IDEA And Section 504 Claims

Plaintiffs move for summary judgment on Count II, arguing, inter alia, that the panel erred as a matter of law by applying the IDEIA's two-year limitations period retroactively to Tereance's preexisting claims for compensatory education that accrued prior to December 13, 2004. Defendant also moves for summary judgment on Count II, arguing that the panel correctly determined that the limitations period precluded plaintiffs' claims.

The IDEIA amended the IDEA to provide timelines for a student and his parents to initiate a state-level due process hearing to claim a denial of a FAPE. The court must analyze whether the panel appropriately applied the IDEIA's two-year limitations period to compensatory education claims that arose prior to the IDEIA's July 1, 2005 effective date but that plaintiffs pursued through state-level due process hearings after that date.

First, however, the court must identify, and the parties dispute, the limitations period that applied under the pre-amendment IDEA. In the Third Circuit, prior to the IDEIA's amendments, the IDEA did not provide a limitations period for bringing a state-level due process complaint. In *Ridgewood v. N.E.*, 172 F.3d 238, 250 (3d Cir. 1999), a compensatory education case brought under the pre-amendment IDEA, the Third Circuit held that "failure to object to [a student's

6

educational] placement does not deprive him of the right to an appropriate education." Although the Third Circuit did not expressly specify the limitations period to initiate state-level due process proceedings, it allowed the student to proceed with his compensatory education claim for the years 1988-1996 after seeking a state-level due process hearing in 1996, despite the school district's argument that the student's delay in bringing the claim constituted waiver. *Id.* at 245, 251; *see also Lester H. v. Gilhool*, 916 F.2d 865, 873 (3d Cir. 1990) (upholding an award of compensatory education of two and one-half years); *cf. M.C. ex rel. J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996) (holding that "a child's entitlement to special education should not depend upon the vigilance of the parents").

After *Ridgewood*, the Pennsylvania Commonwealth Court and the federal district courts in Pennsylvania diverged on the applicable limitations period for initiating state-level due process proceedings seeking compensatory education. *Compare Montour*, 805 A.2d at 39-40 (holding in 2002 that there is a one-year limitations period on compensatory education claims), *with, e.g.*, *Amanda A. v. Coatesville Area Sch. Dist.*, No. 04-4184, 2005 U.S. Dist. LEXIS 2637, at *19 (E.D. Pa. Feb. 23, 2005) (holding that there is "no limitations period, whether equitable or legal, on a disabled child's claim for compensatory education pursuant to the IDEA"). *Montour* distinguished *Ridgewood* as relating only to the statute of limitations for filing a federal claim after exhausting state-level due process proceedings. *Montour*, 805 A.2d at 38. It instead relied on the Third Circuit's earlier holding in *Bernardsville Board of Education v. J.H.*, 42 F.3d 149 (3d Cir. 1994), which applied a one-to-two years limitations period for parents to initiate state-level due process hearings requesting reimbursement for private school tuition after removing a

student from public school. *Montour*, 805 A.2d at 39-40. The Commonwealth Court held in *Montour* that this limitations period should also apply to claims for compensatory education:

> We hold that the limitations period set forth in *Bernardsville* is applicable—generally, initiation of a request for a due process hearing must occur within one year, or two years at the outside (if the mitigating circumstances show that the equities in the case warrant such a delay), of the date upon which a parent accepts a proposed IEP.

*Id.* at 40.

The federal district courts disagreed. Prior to *Montour*, in *Kristi H. v. Tri-Valley School District*, 107 F. Supp. 2d 628, 633-34 (M.D. Pa. 2000), the district court noted that tuition reimbursement and compensatory education are both equitable remedies, but held that *Ridgewood* compels the conclusion that "the Third Circuit treats the two remedies differently," imposing a one-year limitations period for tuition reimbursement but no limitations period for compensatory education. In *Amanda A.*, the district court, relying on *Kristi H.*, similarly concluded that *Ridgewood* displaced *Bernardsville* for compensatory education claims. *Amanda A.*, 2005 U.S. Dist. LEXIS 2637, at *18-19. It held that there is no limitations period for compensatory education claims; thus, "*Montour* does not apply to limit [the student's] entitlement to compensatory education." *Id.* at *19. Every federal court in Pennsylvania to consider the issue after *Ridgewood* has agreed with this holding.[6]

---

[6] *See Heather D. v. Northampton Area Sch. Dist.*, 511 F. Supp. 2d 549, 554 (E.D. Pa. 2007); *A.A. v. Exeter Twp. Sch. Dist.*, 485 F. Supp. 2d 587, 589-90 (E.D. Pa. 2007); *Brendan K. v. Easton Area Sch. Dist.*, No. 05-4179, 2007 U.S. Dist. LEXIS 27846, at *25 (E.D. Pa. Apr. 16, 2007); *Keystone Cent. Sch. Dist. v. E.E.*, 438 F. Supp. 2d 519, 523 (M.D. Pa. 2006); *Penn Trafford Sch. Dist. v. C.F.*, No. 04-1395, 2006 U.S. Dist. LEXIS 13581, at *18-19 (W.D. Pa. Mar. 28, 2006); *Robert R. v. Marple Newtown Sch. Dist.*, No. 05-1282, 2005 U.S. Dist. LEXIS 27093, at *12 (E.D. Pa. Nov. 8, 2005); *Anthony C. v. Neshaminy Sch. Dist.*, No. 05-3383, 2005 U.S. Dist. LEXIS 42263, at *1 (E.D. Pa. Oct. 27, 2005); *Michael C. v. Wissahickon Sch. Dist.*, No. 05-3377, 2005 U.S. Dist. LEXIS 24630, at *11 (E.D. Pa. Oct. 21, 2005); *S. v. Wissahickon*

Based on the implications of *Ridgewood*'s result, the persuasive opinions in *Amanda A.* and *Kristi H.*, and the universal accordance of every federal court in Pennsylvania to consider the issue, this court also concludes that prior to the IDEIA, the IDEA contained no limitations period to initiate a state-level due process proceeding for compensatory education claims. The Commonwealth Court's one-year limitations period established in *Montour* would not have applied to plaintiffs' compensatory education claims under the pre-amendment IDEA.[7]

The IDEIA amended the IDEA as of July 1, 2005 to require that the parent must request a hearing on the due process complaint within two years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint. *See* § 1415(f)(3)(C).[8] Defendant argues that the IDEIA's two-year limitations period applies to claims that accrued before the IDEIA was enacted but alleged in a state-level due process complaint

---

*Sch. Dist.*, No. 05-1284, 2005 U.S. Dist. LEXIS 36576, at *1 (E.D. Pa. Oct. 5, 2005); *Curtis B. v. Owen J. Roberts Sch. Dist.*, No. 05-3380, 2005 U.S. Dist. LEXIS 36570, at *2 (E.D. Pa. Sept. 20, 2005); *Marissa F. v. William Penn Sch. Dist.*, No. 04-286, 2005 U.S. Dist. LEXIS 20636, at *21 (E.D. Pa. Sept. 18, 2005); *M. v. N. Penn Sch. Dist.*, No. 05-3382, 2005 U.S. Dist. LEXIS 36596, at *1 (E.D. Pa. Sept. 16, 2005); *Jonathan H. v. Elizabeth Forward Sch. Dist.*, No. 03-1996, 2004 U.S. Dist. LEXIS 29891, at *5 (W.D. Pa. Mar. 4, 2004); *Jonathan T. v. Lackawanna Trail Sch. Dist.*, No. 03-522, 2004 U.S. Dist. LEXIS 2915, at *7 (M.D. Pa. Feb. 26, 2004).

[7] State court interpretations of federal law are not binding on this court. *See, e.g.*, *United States v. Bedford*, 519 F.2d 650, 653 n.3 (3d Cir. 1975) (holding that "[i]t is a recognized principle that a federal court is not bound by a state court's interpretation of federal laws").

[8] Section 1415(f)(3)(C) provides:
   A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this part, in such time as the State law allows.
The timeline, however, does not apply to "to a parent if the parent was prevented from requesting the hearing due to . . . the local educational agency's withholding of information from the parent that was required under this part to be provided to the parent." § 1415(f)(3)(D).

filed after the IDEIA's effective date. None of the cases cited by the parties control the issue of § 1415(f)(3)(C)'s retroactive application,[9] so the court will analyze this case in light of the Supreme Court's guidance on the retroactivity of statutes.

As the Supreme Court held in *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994):

> Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly;

---

[9] Plaintiffs cite *Lawrence Township Board of Education v. New Jersey*, 417 F.3d 368, 370 (3d Cir. 2005), in which the Third Circuit held that "amendments to the IDEA have prospective application only." The Third Circuit was not, however, faced with a situation where the state-level due process complaint was filed after the amendment's effective date, so it applied the law at the time of the relevant events, which were the initiation of the state-level due process proceedings and the filing of the federal complaint. *Id.* It did not specify which point in time was determinative for its conclusion that the amendments had prospective application only. Similarly, in *A.A. v. Exeter Township School District*, 485 F. Supp. 2d 587, 589 n.5 (E.D. Pa. 2007), a court in this district noted in dictum that the limitations period in § 1415(f)(3)(C) did not apply because the plaintiff "filed her due process hearing in June 2005, prior to the effective date of the amendments." *See also P.S. v. Princeton Reg'l Schs. Bd. of Educ.*, 2006 U.S. Dist. LEXIS 252, at *5-6 (D.N.J. Jan. 6, 2006) (refusing to apply new ninety-day limitations period codified at 20 U.S.C. § 1415(i)(2)(B) that set the timeline within which a student or parent must file a civil complaint retroactively to a hearing officer's decision prior to the IDEIA's effective date). As with *Lawrence Township*, however, *A.A.* and *P.S.* did not consider case in which the plaintiff filed a due process complaint after the IDEIA's effective date for compensatory education claims arising prior to that date. Thus, the court cannot rely on either case to guide the present decision.
Defendant argues that the version of the IDEIA to be applied "is the version in effect on the date of the decision being appealed." (Def.'s Resp. Opp. Pls.' Mot. Summ. J. 8 (internal quotation marks and citation omitted) (citing *Jaffess v. Council Rock Sch. Dist.*, No. 06-0143, 2006 U.S. Dist. LEXIS 40888, at *6-7 (E.D. Pa. June 19, 2006); *Emily Z. v. Mt. Lebanon Sch. Dist.*, No. 06-442, 2006 U.S. Dist. LEXIS 64124, at *7 (W.D. Pa. Sept. 7, 2006)). The cases cited by defendant applied the ninety-day limitations period to file a civil complaint, as discussed in *P.S.* above. Considering factual situations in which the panel issued a decision after IDEIA's effective date, these cases held that applying the new limitations period was not an impermissible retroactive application of the amendment. *See Jaffess*, 2006 U.S. Dist. LEXIS 40888, at *7; *Emily Z.*, 2006 U.S. Dist. LEXIS 64124, at *7. This result is inapposite here because the relevant conduct—the appeals panel's decision on which the student or parent could file the civil complaint—occurred after the effective date of the amendment; the school district's underlying denial of a FAPE was simply not addressed by § 1415(i)(2)(B)'s timeline provision. Here, the relevant conduct—the date the claims for compensatory education accrued—occurred on or before December 14, 2004, prior to the effective date of the amendment.

settled expectations should not be lightly disrupted.  For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."

Despite the dangers inherent in retroactive legislation, it is beyond dispute that, within constitutional limits, Congress nonetheless has power to enact laws with retrospective effect. *INS v. St. Cyr*, 533 U.S. 289, 316 (2001).  Because of Congress's unmatched power "to sweep away settled expectations," the courts impose a "presumption against retroactive legislation [that] is deeply rooted in our jurisprudence." *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 945, 946 (1997); *see also St. Cyr*, 533 U.S. at 317.  Under this presumption, the courts, therefore, require from Congress a "clear intent" that the law should apply to earlier conduct to "assure[] that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Landgraf*, 511 U.S. at 272-73.

The Supreme Court has outlined a two-step approach to determine whether a statute applies retroactively.  "[T]he first step in determining whether a statute has an impermissible retroactive effect is to ascertain whether Congress has directed with the requisite clarity that the law be applied retrospectively." *St. Cyr*, 533 U.S. at 316; *see also Martin v. Hadix*, 527 U.S. 343, 352 (1999).  "The standard for finding such unambiguous direction is a demanding one." *St. Cyr*, 533 U.S. at 316.  In this case, Congress has not expressly mandated the temporal reach of § 1415(f)(3)(C).  Citing the provision of the IDEIA that sets the July 1, 2005 effective date, the District argues that the "IDEIA explicitly provides that it applies to requests for due process made after its effective date." (Def's Resp. Opp. Pls' Mot. Summ. J. 7.)  This argument ignores the Supreme Court's guidance that:  "A statement that a statute will become effective on a certain

11

date does not even arguably suggest that it has any application to conduct that occurred at an earlier date." *Landgraf*, 511 U.S. at 257. For present purposes, the relevant text of the IDEIA simply lacks an express statement of retroactivity.

    The second step in determining whether the statute applies to prior conduct looks for an "impermissible retroactive effect." *St. Cyr*, 533 U.S. at 320-21. This step "demands a commonsense, functional judgment about 'whether the new provision attaches new legal consequences to events completed before its enactment.'" *Martin*, 527 U.S. at 357-58 (quoting *Landgraf*, 511 U.S. at 270). "Even absent specific legislative authorization, application of new statutes passed after the events in suit is unquestionably proper in many situations." *Landgraf*, 511 U.S. at 273. For example, the Court explained that "changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity" because "rules of procedure regulate secondary rather than primary conduct." *Id.* at 275. It hedged, however, that "the mere fact that a new rule is procedural does not mean that it applies to every pending case." *Id.* at 275 n.29.

    With regard to statutes of limitations, which span the procedural/substantive divide, a consensus has emerged that they may not be retroactively applied absent express congressional intent. Courts of appeals outside of the Third Circuit confirm that "[a] newly enacted statute that shortens the applicable statute of limitations may not be applied retroactively to bar a plaintiff's claim that might otherwise be brought under the old statutory scheme because to do so would be manifestly unjust." *Chenault v. U.S. Postal Serv.*, 37 F.3d 535, 539 (9th Cir. 1994)[10]; *accord In*

---

[10] The Ninth Circuit noted that:
    We do not find the substantive/procedural dichotomy helpful in deciding this case. Regardless of whether a statute is "substantive" or "procedural," it may not

*re Apex Exp. Corp.*, 190 F.3d 624, 642-43 (4th Cir. 1999) (affirming that the "retroactive reduction in the statute of limitations" runs against the presumption of only prospective applicability); *Hartford Cas. Ins. Co. v. FDIC*, 21 F.3d 696, 702 (5th Cir. 1994) (holding that the "retroactive application of [the new statute of limitations] . . . would extinguish claims which were valid before the statute's effective date and deprive [plaintiff] of a forum, even though it acted properly under law existing at the time its claims arose"); *see also Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 608-09 (1987) (holding manifestly inequitable a retroactive lengthening of the statute of limitations to permit an claim that had expired under the previously applicable, shorter statute of limitations); *TwoRivers v. Lewis*, 174 F.3d 987, 996 (9th Cir. 1999) (refusing the retroactive application of a shorter statue of limitations to cut off claims without providing petitioner with "a reasonable time to file suit after the amendment").

The IDEIA provides a two-year limitations period to initiate the state-level due process proceedings. *See* § 1415(f)(3)(C). As discussed above, there was no limitations period in the Third Circuit for initiating compensatory education claims prior to the IDEIA's 2005 amendments. In this case, the operative conduct covered by the limitations period was Wanda's decision to forgo bringing a due process complaint to grieve the District's failure to provide

---

apply to cases pending at the time of enactment if the new statute would prejudice the rights of one of the parties. If it is procedural, application may not "result in a manifest injustice."
*Chenault*, 37 F.3d at 539 (other internal quotation marks and citation omitted).
Many statutes, such as § 1415(f)(3)(C), may be better classified as statutes of repose or statutes creating rights with built-in timelines, thus containing substantive (not procedural) limitations periods because the periods comprise part of the claim. The court does not consider the distinction material to the issue at hand—whether § 1415(f)(3)(C) can be applied retroactively without resulting in manifest injustice—and, in any case, if § 1415(f)(3)(C) is substantive, then the constraints to its retroactive application are more profound. *See Landgraf*, 511 U.S. at 274-75.

Tereance with a FAPE until 2005 and to instead work with the District to provide Tereance with a FAPE. The material facts are undisputed. Plaintiffs' claims are based on denial of a FAPE in the 2001-2002, 2002-2003, 2003-2004, and first half of the 2004-2005 school years—prior to the IDEIA's July 1, 2005 effective date. Thus, applying the IDEIA to Wanda's conduct would attach new legal consequences to that conduct, resulting in an impermissible retroactive effect working a manifest injustice. *Cf. Amanda A.*, 2005 U.S. Dist. LEXIS 2637, at *19 (refusing to impose a limitations period for the time "during which [the student's] parents chose to work with the School District rather than request a due process hearing"). The court, therefore, "presume[s] that the statute does not apply to that conduct," in light of the traditional presumption against retroactivity. *See Martin*, 527 U.S. at 352; *see also Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Congressional enactments . . . will not be construed to have retroactive effect unless their language requires this result."). The court concludes that the limitations period codified at § 1415(f)(3)(C) does not apply for compensatory education claims that accrued prior to the IDEIA's effective date.

The hearing officer thus committed an error of law by retroactively applying the IDEIA's two-year statute of limitations to plaintiffs' claims to deny school-year compensatory education for the period prior to December 13, 2004.[11] The panel also erred in affirming the hearing officer's decision.[12] The court will therefore grant plaintiffs' motion for summary judgment as to

---

[11] The hearing officer found that an exception to the limitations period applied for the pre-2005 ESY compensatory education claims. The District did not appeal this decision.

[12] The court recognizes that the result of the retroactivity analysis is dictated by the plaintiffs' choice of forum. IDEA provides for concurrent state and federal jurisdiction over civil claims by parties aggrieved by the state-level due process proceedings. *See* 20 U.S.C. § 1415(i). A result of concurrent jurisdiction is that state and federal courts may disagree about the

Count II as it relates to the panel's denial of plaintiffs' claims for compensatory damages based on the limitations period contained in the IDEIA.and deny defendant's motion for summary judgment as to Count II.[13]

---

interpretation of the same federal statute.  Because plaintiffs have exercised their option to bring the case in federal court, the case is governed by the federal courts' interpretation of federal law.  Under that precedent, *Ridgewood* controlled prior to the IDEIA's amendment of the IDEA.  Thus, Wanda's delay in requesting a state-level due process hearing concerning the alleged inadequacy of Tereance's education and IEPs "does not deprive [Tereance] of the right to an appropriate education."  *See Ridgewood*, 172 F.3d at 250.  Had plaintiffs brought their claims in state court, *Montour* would apply, and the hearing officer's and panel's retroactivity analyses may have been proper under the state court precedent that they were required to follow, *see City of Chester v. Pa. Pub. Util. Comm'n*, 773 A.2d 1280, 1286 (Pa. Commw. Ct. 2001) (mandating that state agencies must apply the state courts' interpretation of federal law over which state courts have concurrent jurisdiction).  That the federal and state courts may reach different retroactivity conclusions regarding the same federal legislation is a result of Congress's choice to allow concurrent jurisdiction.

[13] Because the court grants summary judgment on the ground that § 1415(f)(3)(C)'s limitations period may not be applied retroactively, the court will not address plaintiffs' alternative arguments that they qualify under exceptions to that limitations period found in 20 U.S.C. § 1415(f)(3)(D)(i) and (ii) or any arguments related to the IDEIA's effect on the availability of section 504 relief.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TEREANCE D., through his Guardian and next friend, WANDA D., and WANDA D. in her own right, Plaintiffs, | : : : : : : : : : : | CIVIL ACTION<br><br>NO. 07-4166 |
| v. | | |
| SCHOOL DISTRICT OF PHILADELPHIA, Defendant. | | |

## Order

AND NOW on this _____ day of August 2008, upon careful consideration of plaintiffs' motion to for summary judgment as to Count II (Doc. No. 16), defendant's response thereto and crossmotion for summary judgment as to Count II (Doc. No. 21), and plaintiffs' response thereto, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for summary judgment as to Count II is GRANTED and the July 17, 2007 decision of the Commonwealth of Pennsylvania Special Education Due Process Appeals Review Panel is REVERSED to the extent that it denied plaintiffs' claims for compensatory damages based on the limitations period contained in the Individuals with Disabilities Education Improvement Act, 29 U.S.C. § 1415(f)(3)(C). Defendant's crossmotion for summary judgment on Count II is DENIED.

2. A status conference is SCHEDULED for August 28, 2008 at 9:30 a.m. in Chambers to determine whether the parties can agree to the ultimate resolution of the claim set forth in Count II, as well as the claims set forth in Counts III, IV, and V and the pending motion for summary judgment as to Count V, or whether the court must remand the matter for consideration of the remaining issues in the first instance.

      __s/ William H. Yohn Jr.____
      William H. Yohn Jr., Judge